UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN SCOTT QUITUIZACA, on Behalf of       Case No:
Himself and All Others Similarly Situated,


                 Plaintiffs,         **COLLECTIVE AND**
                                       **CLASS ACTION**
     -vs.-                              **COMPLAINT**
                                         **WITH JURY DEMAND**

SATELIP RESTAURANT CORP.,
205 THOMSON STREET LLC, FEDERICO'S
RESTAURANT INC., JULIAN MEDINA
GARCIA, LOUIS SKIBAR, BRIAN SOBHAN,
BEATRIZ MARIA R. DEARMAS, DAN "DOE",
and PETOUS "DOE",

                 Defendants.
-------------------------------------------------------------X

      Plaintiff JOHN SCOTT QUITUIZACA, individually and on behalf of all others similarly

situated, by his attorneys, Law Offices of William Cafaro, respectfully alleges as follows upon

information and belief:


### *NATURE OF THE ACTION*


      1.      This is a collective and class action brought by Class Representative Plaintiff John

Scott Quituizaca ("Quituizaca"), on behalf of himself and all members of the proposed collective

and class, as defined below (collectively, "Plaintiffs") who work or have worked for SATELIP

RESTAURANT CORP. ("Satelip"), 205 THOMSON STREET LLC ("205 Thomson St."), and

FEDERICO'S RESTAURANT INC. ("Federico's Rest.") (collectively Satelip, 205 Thomson St,

and Federico's Rest. are "Entity Defendants") within the applicable time frames.

2.      The Entity Defendants are owned by Defendants JULIAN MEDINA GARCIA ("Garcia"), LOUIS SKIBAR ("Skibar"), BRIAN SOBHAN ("Sobhan") and BEATRIZ MARIA R. DEARMAS ("Dearmas") (collectively Garcia, Skibar, Sobhan, and Dearmas are "Entity Owners").

3.      Upon information and belief, the Entity Owners also operate the day to day operations of each of the Entity Defendants.

4.      Satelip is operated by Defendants DAN "DOE" ("Dan") and PETOUS "DOE" ("Petous") (collectively Satelip, Garcia, Skibar, Sobhan, Dearmas, Dan, and Petous, are "Defendants").

5.      The Defendants own and operate three Mexican bistros in New York City.

6.      The Entity Defendants are centrally controlled by the Entity Owners.

7.      The Entity Defendants are centrally owned by the Entity Owners.

8.      Despite operating under the auspices of different entities the Defendants operate a single integrated enterprise that has a very efficiently coordinated vertical and horizontal business structure. This single integrated enterprise has jointly employed the Plaintiff and all of those similarly situated. The enterprise is centrally controlled by Defendants Garcia, Skibar, Sobhan, and Dearmas.

9.      The Defendants jointly operate a website, www.tolachenyc.com which provides general information for the three locations sued herein.  More importantly, non-exempt workers

at these separate locations perform the same basic job duties, are subject to the same employment policies and practices, and are directed and/or permitted by Defendants to perform work at each of the locations without retraining.

10.     Plaintiffs were employed by Defendants as non-exempt servers, server assistants, back waiters, bussers, runners, bartenders, barbacks, and other "Tipped Workers" who work or have worked for the Defendants ("Tipped Workers").

11.     Plaintiffs were also employed by Defendants as non-exempt food preparers and cooks whom the Defendants failed to properly pay ("Restaurant Employees").

12.     Tipped Workers perform similar job duties, are subject to the same employment policies, practices and procedures, and are directed by Defendants on how to perform their work.

13.     Restaurant Employees perform similar job duties, are subject to the same employment policies, practices and procedures, and are directed by Defendants on how to perform their work.

14.     Plaintiff Quituizaca brings this action on behalf of himself and all similarly situated current and former Tipped Workers and Restaurant Employees who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq.*, and specifically the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage and hour provisions of the

FLSA by Defendants that have deprived Plaintiff Quituizaca and all similarly situated employees of their lawful earned wages.

15.     Plaintiff Quituizaca brings this action on behalf of himself and all similarly situated current and former Tipped Workers and Restaurant Employees who are members of the putative class set forth herein pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6 §§ 190 *et seq*. and Article 19, §§650 *et seq*. and the supporting New York State Department of Labor Regulations.

## *THE PARTIES*

**Plaintiff**

*John Scott Quituizaca*

16.     Quituizaca is an adult individual who is a resident of Queens County, New York.

17.     At all times herein pertinent, and in the course of his duties, Quituizaca regularly handled products which had been moved in commerce, including but not limited to, plates, glasses, utensils, and cleaning supplies.

18.     Quituizaca was employed by the Defendants as a Tipped Worker from on or about December 1, 2016 until on or about November 14, 2017.

19.     Quituizaca is a covered employee within the meaning of the FLSA and NYLL.

20.     A written consent form for Quituizaca has been filed with this Collective and Class Action Complaint.

**Defendants**

21.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

22.     Defendants have employed and/or jointly employed the Plaintiff and similarly situated employees at all times herein pertinent.

23.     Defendants Garcia, Skibar, Sobhan, Dearmas, Dan, and Petous have had substantial control over the Plaintiff as well as similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

24.     Upon information and belief, the Defendants have a common central office at a single location whose address is 166 East 82nd Street, New York, NY 10028.

25.     Upon information and belief, the Individual Defendants consider and resolve payroll, scheduling, and human resource issues for all the Entity Defendants. This includes, but is not limited to, assigning employees shifts, mode and methods of payment, and employment locations.

26.     Upon information and belief, funds taken in by each of the Entity Defendants is and was transferred amongst the other entity Defendants as necessary according to availability,

cash flow needs, for minimization tax liability, and for various other management and accounting purposes.

27.    Upon information and belief, income received from each of the Entity Defendants was used to pay various expenses which should, according to generally accepted accounting principles, have been properly allocated to other Entity Defendants, including, but not limited to employee payroll.

28.    Upon information and belief, each of the Entity Defendants share and interchange employees insofar as employees who are employed by one of the Entity Defendants are sent to work for the others when the need arises.  For example, members of the putative class and collective were routinely made to work at different Entity Defendants' locations depending on business need.

29.    The Entity Defendants all use the same employee manuals, company letterhead, and payroll operations.

30.    The Entity Defendants have the same menu items.

31.    The Entity Defendants hold themselves out to the public under the common name "Toloache".

32.    Upon information and belief, the Entity Defendants market and advertise as a single entity. This includes but is not limited to having a common twitter handle

@ToloacheNYC, a common Instagram account under the name toloachenyc, and a common Facebook page.

33.    Upon information and belief, the Entity Defendants have the same color scheme and matching décor.

34.    Upon information and belief, the Entity Defendant use the same logo at each of their locations:



**SATELIP RESTAURANT CORP. ("Satelip")**

35.    Satelip was and is a domestic business corporation whose principal place of business is located at 166 East 82nd Street, New York, NY 10028.

7

36.    Satelip is operated by defendants Garcia, Skibar, Sobhan, Dearmas, Dan, and Petous.

37.    Satelip is owned by defendants Garcia, Skibar, Sobhan.

38.    Satelip is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiff and similarly situated employees.

39.    At all times herein pertinent, Satelip maintained control, oversight, and direction over the Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

40.    Satelip has applied the same employment policies, practices, and procedures to all its Tipped Workers who performed the tasks enumerated herein, including policies, practices and procedures with respect to payment of wages, and overtime compensation.

41.    Satelip has applied the same employment policies, practices, and procedures to all its Restaurant Employees who performed the tasks enumerated herein, including policies, practices and procedures with respect to payment of wages, and overtime compensation.

42.    At all relevant times, Satelip has been listed with the New York State Liquor Authority as a Principal of 205 Thomson St.

43.     Upon information and belief, for the calendar year 2015, the annual gross volume of sales made or business done of Satelip was not less than $500,000.00.

44.     Upon information and belief, for the calendar year 2016, the annual gross volume of sales made or business done of Satelip was not less than $500,000.00.

45.     Upon information and belief, for the calendar year 2017, the annual gross volume of sales made or business done of Satelip was not less than $500,000.00.

46.     Upon information and belief, for the calendar year 2018, the annual gross volume of sales made or business done of Satelip will not be less than $500,000.00.

**205 THOMSON STREET LLC ("205 Thomson St.")**

47.     205 Thomson St. was and is a domestic business limited liability company whose principal place of business is located at 205 Thompson Street, New York, NY 10012.

48.     205 Thomson St. is operated by defendants Garcia, Skibar, Sobhan, and Dearmas,

49.     205 Thomson St. is owned by defendants Garcia, Skibar, Sobhan, Dearmas, and Satelip.

50.     205 Thomson St. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiff and similarly situated employees.

51.     At all times herein pertinent, 205 Thomson St. maintained control, oversight, and direction over the Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

52.     205 Thomson St. has applied the same employment policies, practices, and procedures to all its Tipped Workers who performed the tasks enumerated herein, including policies, practices and procedures with respect to payment of wages, and overtime compensation.

53.     205 Thomson St. has applied the same employment policies, practices, and procedures to all its Restaurant Employees who performed the tasks enumerated herein, including policies, practices and procedures with respect to payment of wages, and overtime compensation.

54.     Upon information and belief, for the calendar year 2015, the annual gross volume of sales made or business done of 205 Thomson St. was not less than $500,000.00.

55.     Upon information and belief, for the calendar year 2016, the annual gross volume of sales made or business done of 205 Thomson St. was not less than $500,000.00.

56.     Upon information and belief, for the calendar year 2017, the annual gross volume of sales made or business done of 205 Thomson St. was not less than $500,000.00.

57.     Upon information and belief, for the calendar year 2018, the annual gross volume of sales made or business done of 205 Thomson St. will not be less than $500,000.00.

**FEDERICO'S RESTAURANT INC. ("Federico's Rest.")**

58.     Federico's Rest. was and is a domestic business corporation whose principal place of business is located at 251 West 51st Street, New York, NY 10019.

59.     Federico's Rest. is operated by defendants Garcia, Skibar, and Sobhan.

60.     Federico's Rest. is owned by defendants Garcia, Skibar, Sobhan.

61.     Federico's Rest. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times herein pertinent, has employed the Named Plaintiff and similarly situated employees.

62.     At all times herein pertinent, Federico's Rest. maintained control, oversight, and direction over the Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices applied to them.

63.     Federico's Rest. has applied the same employment policies, practices, and procedures to all its Tipped Workers who performed the tasks enumerated herein, including policies, practices and procedures with respect to payment of wages, and overtime compensation.

64.     Federico's Rest. has applied the same employment policies, practices, and procedures to all its Restaurant Employees who performed the tasks enumerated herein, including policies, practices and procedures with respect to payment of wages, and overtime compensation.

65.     Upon information and belief, for the calendar year 2015, the annual gross volume of sales made or business done of Federico's Rest. was not less than $500,000.00.

66.     Upon information and belief, for the calendar year 2016, the annual gross volume of sales made or business done of Federico's Rest. was not less than $500,000.00.

67.     Upon information and belief, for the calendar year 2017, the annual gross volume of sales made or business done of Federico's Rest. was not less than $500,000.00.

68.     Upon information and belief, for the calendar year 2018, the annual gross volume of sales made or business done of Federico's Rest. will not be less than $500,000.00.

**JULIAN MEDINA GARCIA ("Garcia"),**

69.     Upon information and belief, Garcia is a resident of the State of New York and has an actual place of business located at 166 East 82nd Street, New York, NY 10028.

70.     Upon information and belief, at all times herein pertinent, Garcia is and was an officer, director, and/or authorized shareholder of Satelip.

71.    Upon information and belief, at all times herein pertinent, Garcia is and was an officer, director, and/or member of 205 Thomson St.

72.    Upon information and belief, at all times herein pertinent, Garcia is and was an officer, director, and/or member of Federico's Rest.

73.    Upon information and belief and at all times pertinent herein, Garcia has signed contracts on behalf of Satelip and listed himself as Principal and/or Officer.

74.    Upon information and belief and at all times pertinent herein, Garcia has signed contracts on behalf of 205 Thomson St. and listed himself as either Principal and/or Officer.

75.    Upon information and belief and at all times pertinent herein, Garcia has signed contracts on behalf of Federico's Rest. and listed himself as either Principal and/or Officer.

76.    The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Garcia to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages while working for the Entity Defendants, or any of them.

77.    Upon information and belief, Defendant Garcia holds himself out to the public as the owner of the Entity Defendants. For example, he advertises himself as the owner on the

Entity Defendants on their joint website, www.toloachenyc.com, as well as in trade publications and in interviews.

78.     At all relevant times, Garcia has had power over personnel decisions at Satelip, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

79.     At all relevant times, Garcia has had power over personnel decisions at 205 Thomson St., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

80.     At all relevant times, Garcia has had power over personnel decisions at Federico's Rest., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

81.     At all relevant times, Garcia has had power over payroll decisions at Satelip, including the power to retain time and/or wage records.

82.     At all relevant times, Garcia has had power over payroll decisions at 205 Thomson St., including the power to retain time and/or wage records.

83.     At all relevant times, Garcia has had power over payroll decisions at Federico's Rest., including the power to retain time and/or wage records.

84.    At all relevant times, Garcia has been actively involved in managing the day to day operations of Satelip

85.    At all relevant times, Garcia has been actively involved in managing the day to day operations of 205 Thomson St.

86.    At all relevant times, Garcia has been actively involved in managing the day to day operations of Federico's Rest.

87.    At all relevant times, Garcia has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

88.    At all relevant times, Garcia has had the power to transfer the assets and/or liabilities of Satelip

89.    At all relevant times, Garcia has had the power to transfer the assets and/or liabilities of 205 Thomson St.

90.    At all relevant times, Garcia has had the power to transfer the assets and/or liabilities of Federico's Rest.

91.    At all relevant times, Garcia has had the power to enter into contracts on behalf of Satelip.

92.     At all relevant times, Garcia has had the power to enter into contracts on behalf of 205 Thomson St.

93.     At all relevant times, Garcia has had the power to enter into contracts on behalf of Federico's Rest.

94.     At all relevant times, Garcia has been listed with the New York State Liquor Authority as a Principal of Satelip

95.     At all relevant times, Garcia has been listed with the New York State Liquor Authority as a Principal of 205 Thomson St.

96.     At all relevant times, Garcia has been listed with the New York State Liquor Authority as a Principal of Federico's Rest.

97.     Upon information and belief, Garcia has signed paychecks received by the Plaintiffs for work performed at the Entity Defendants.

98.     Garcia has the power to hire employees for the Entity Defendants and made the decision to hire various employees.

99.     Upon information and belief, Garcia has signed, and continues to sign, contracts on behalf of each of the Entity Defendants, including contracts with various vendors.

100.    Upon information and belief, Garcia has accepted deliveries on behalf of each of the Entity Defendants.

101.    Upon information and belief, Garcia negotiates lower contract prices from various vendors by stating, in sum and substance, that he is ordering for multiple restaurant locations.

102.    On a daily basis Garcia supervises the employees at each of the Entity Defendants by telling them what duties to perform and in what order to complete said duties.

103.    Garcia is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

104.    Garcia is one of the ten largest shareholders by beneficial interest of Satelip.

105.    Garcia is one of the ten largest shareholders by beneficial interest of Federico's Rest.

106.    Garcia is one of the ten members with the largest ownership interest of 205 Thomson St.

107.    Prior to the filing of this Complaint, Defendant Garcia was served with notice pursuant to N.Y. B.C.L. §630.

108.    Prior to the filing of this Complaint, Defendant Garcia was served with a notice pursuant to N.Y L.L.C. § 609.

17

109.    Pursuant to the notices above, Defendant Garcia is personally liable for unpaid wages to the Plaintiff as well as the putative class and collective.

**Louis Skibar ("Skibar")**

110.    Upon information and belief, Skibar is a resident of the State of New York and has an actual place of business located at 166 East 82nd Street, New York, NY 10028.

111.    Upon information and belief, at all times herein pertinent, Skibar is and was an officer, director, and/or authorized shareholder of Satelip.

112.    Upon information and belief, at all times herein pertinent, Skibar is and was an officer, director, and/or member of 205 Thomson St.

113.    Upon information and belief, at all times herein pertinent, Skibar is and was an officer, director, and/or member of Federico's Rest.

114.    Upon information and belief and at all times pertinent herein, Skibar has signed contracts on behalf of Satelip and listed himself as Principal and/or Officer.

115.    Upon information and belief and at all times pertinent herein, Skibar has signed contracts on behalf of 205 Thomson St. and listed himself as either Principal and/or Officer.

116.    Upon information and belief and at all times pertinent herein, Skibar has signed contracts on behalf of Federico's Rest. and listed himself as either Principal and/or Officer.

117.    The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Skibar to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages while working for the Entity Defendants, or any of them.

118.    At all relevant times, Skibar has had power over personnel decisions at Satelip, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

119.    At all relevant times, Skibar has had power over personnel decisions at 205 Thomson St., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

120.    At all relevant times, Skibar has had power over personnel decisions at Federico's Rest., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

121.    At all relevant times, Skibar has had power over payroll decisions at Satelip, including the power to retain time and/or wage records.

122.    At all relevant times, Skibar has had power over payroll decisions at 205 Thomson St., including the power to retain time and/or wage records.

123.    At all relevant times, Skibar has had power over payroll decisions at Federico's Rest., including the power to retain time and/or wage records.

124.    At all relevant times, Skibar has been actively involved in managing the day to day operations of Satelip

125.    At all relevant times, Skibar has been actively involved in managing the day to day operations of 205 Thomson St.

126.    At all relevant times, Skibar has been actively involved in managing the day to day operations of Federico's Rest.

127.    At all relevant times, Skibar has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

128.    At all relevant times, Skibar has had the power to transfer the assets and/or liabilities of Satelip

129.    At all relevant times, Skibar has had the power to transfer the assets and/or liabilities of 205 Thomson St.

130.    At all relevant times, Skibar has had the power to transfer the assets and/or liabilities of Federico's Rest.

131.    At all relevant times, Skibar has had the power to enter into contracts on behalf of Satelip.

132.    At all relevant times, Skibar has had the power to enter into contracts on behalf of 205 Thomson St.

133.    At all relevant times, Skibar has had the power to enter into contracts on behalf of Federico's Rest.

134.    At all relevant times, Skibar has been listed with the New York State Liquor Authority as a Principal of Satelip

135.    At all relevant times, Skibar has been listed with the New York State Liquor Authority as a Principal of 205 Thomson St.

136.    At all relevant times, Skibar has been listed with the New York State Liquor Authority as a Principal of Federico's Rest.

137.    Upon information and belief, Skibar has signed paychecks received by the Plaintiffs for work performed at the Entity Defendants.

138.    Skibar has the power to hire employees for the Entity Defendants and made the decision to hire various employees.

139.    Upon information and belief, Skibar has signed, and continues to sign, contracts on behalf of each of the Entity Defendants, including contracts with various vendors.

140.    Upon information and belief, Skibar has accepted deliveries on behalf of each of the Entity Defendants.

141.    Upon information and belief, Skibar negotiates lower contract prices from various vendors by stating, in sum and substance, that he is ordering for multiple restaurant locations.

142.    On a daily basis Skibar supervises the employees at each of the Entity Defendants by telling them what duties to perform and in what order to complete said duties.

143.    Skibar is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

144.    Skibar is one of the ten largest shareholders by beneficial interest of Satelip.

145.    Skibar is one of the ten largest shareholders by beneficial interest of Federico's Rest.

146.    Skibar is one of the ten members with the largest ownership interest of 205 Thomson St.

147.    Prior to the filing of this Complaint, Defendant Skibar was served with notice pursuant to N.Y. B.C.L. §630.

148.    Prior to the filing of this Complaint, Defendant Skibar was served with a notice pursuant to N.Y L.L.C. § 609.

149.    Pursuant to the notices above, Defendant Skibar is personally liable for unpaid wages to the Plaintiff as well as the putative class and collective.

**BRIAN SOBHAN ("Sobhan")**

150.    Upon information and belief, Sobhan is a resident of the State of New York and has an actual place of business located at 166 East 82nd Street, New York, NY 10028.

151.    Upon information and belief, at all times herein pertinent, Sobhan is and was an officer, director, and/or authorized shareholder of Satelip.

152.    Upon information and belief, at all times herein pertinent, Sobhan is and was an officer, director, and/or member of 205 Thomson St.

153.    Upon information and belief, at all times herein pertinent, Sobhan is and was an officer, director, and/or member of Federico's Rest.

154.    Upon information and belief and at all times pertinent herein, Sobhan has signed contracts on behalf of Satelip and listed himself as Principal and/or Officer.

155.    Upon information and belief and at all times pertinent herein, Sobhan has signed contracts on behalf of 205 Thomson St. and listed himself as either Principal and/or Officer.

156.    Upon information and belief and at all times pertinent herein, Sobhan has signed contracts on behalf of Federico's Rest. and listed himself as either Principal and/or Officer.

157.    The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Sobhan to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages while working for the Entity Defendants, or any of them.

158.    At all relevant times, Sobhan has had power over personnel decisions at Satelip, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

159.    At all relevant times, Sobhan has had power over personnel decisions at 205 Thomson St., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

160.    At all relevant times, Sobhan has had power over personnel decisions at Federico's Rest., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

161.    At all relevant times, Sobhan has had power over payroll decisions at Satelip, including the power to retain time and/or wage records.

162.    At all relevant times, Sobhan has had power over payroll decisions at 205 Thomson St., including the power to retain time and/or wage records.

163.    At all relevant times, Sobhan has had power over payroll decisions at Federico's Rest., including the power to retain time and/or wage records.

164.    At all relevant times, Sobhan has been actively involved in managing the day to day operations of Satelip

165.    At all relevant times, Sobhan has been actively involved in managing the day to day operations of 205 Thomson St.

166.    At all relevant times, Sobhan has been actively involved in managing the day to day operations of Federico's Rest.

167.    At all relevant times, Sobhan has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

168.    At all relevant times, Sobhan has had the power to transfer the assets and/or liabilities of Satelip

169.    At all relevant times, Sobhan has had the power to transfer the assets and/or liabilities of 205 Thomson St.

170.    At all relevant times, Sobhan has had the power to transfer the assets and/or liabilities of Federico's Rest.

171.    At all relevant times, Sobhan has had the power to enter into contracts on behalf of Satelip.

172.    At all relevant times, Sobhan has had the power to enter into contracts on behalf of 205 Thomson St.

173.    At all relevant times, Sobhan has had the power to enter into contracts on behalf of Federico's Rest.

174.    At all relevant times, Sobhan has been listed with the New York State Liquor Authority as a Principal of Satelip

175.    At all relevant times, Sobhan has been listed with the New York State Liquor Authority as a Principal of 205 Thomson St.

176.    At all relevant times, Sobhan has been listed with the New York State Liquor Authority as a Principal of Federico's Rest.

177.    Upon information and belief, Sobhan has signed paychecks received by the Plaintiffs for work performed at the Entity Defendants.

178.    Sobhan has the power to hire employees for the Entity Defendants and made the decision to hire various employees.

179.    Upon information and belief, Sobhan has signed, and continues to sign, contracts on behalf of each of the Entity Defendants, including contracts with various vendors.

180.    Upon information and belief, Sobhan has accepted deliveries on behalf of each of the Entity Defendants.

181.    Upon information and belief, Sobhan negotiates lower contract prices from various vendors by stating, in sum and substance, that he is ordering for multiple restaurant locations.

182.    On a daily basis Sobhan supervises the employees at each of the Entity Defendants by telling them what duties to perform and in what order to complete said duties.

183.    Sobhan is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

184.    Sobhan is one of the ten largest shareholders by beneficial interest of Satelip.

185.    Sobhan is one of the ten largest shareholders by beneficial interest of Federico's Rest.

186.    Sobhan is one of the ten members with the largest ownership interest of 205 Thomson St.

187.    Prior to the filing of this Complaint, Defendant Sobhan was served with notice pursuant to N.Y. B.C.L. §630.

188.    Prior to the filing of this Complaint, Defendant Sobhan was served with a notice pursuant to N.Y L.L.C. § 609.

189.    Pursuant to the notices above, Defendant Sobhan is personally liable for unpaid wages to the Plaintiff as well as the putative class and collective.

**BEATRIZ MARIA R. DEARMAS ("Dearmas")**

190.    Upon information and belief, Dearmas is a resident of the State of New York and has an actual place of business located at 205 Thompson Street, New York, NY 10012

191.    Upon information and belief, at all times herein pertinent, Dearmas is and was an officer, director, and/or member of 205 Thomson St.

192.    Upon information and belief and at all times pertinent herein, Dearmas has signed contracts on behalf of 205 Thomson St. and listed himself as either Principal and/or Officer.

193.    The fraudulent conduct complained of herein was caused, suffered, permitted and allowed by Dearmas to be perpetrated for the purpose of avoiding full payment of the sums due to the Named Plaintiff and those similarly situated for their lawful wages while working for the Entity Defendants, or any of them.

194.    At all relevant times, Dearmas has had power over personnel decisions at 205 Thomson St., including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

195.    At all relevant times, Dearmas has had power over payroll decisions at 205 Thomson St., including the power to retain time and/or wage records.

196.    At all relevant times, Dearmas has been actively involved in managing the day to day operations of 205 Thomson St.

197.    At all relevant times, Dearmas has had the power to stop any illegal pay practices that harmed the Named Plaintiff and similarly situated employees.

198.    At all relevant times, Dearmas has had the power to transfer the assets and/or liabilities of 205 Thomson St.

199.    At all relevant times, Dearmas has had the power to enter into contracts on behalf of 205 Thomson St.

200.    At all relevant times, Dearmas has been listed with the New York State Liquor Authority as a Principal of 205 Thomson St.

201.    Upon information and belief, Dearmas has signed paychecks received by the Plaintiffs for work performed at the Entity Defendants.

202.    Dearmas has the power to hire employees for the Entity Defendants and made the decision to hire various employees.

203.    Upon information and belief, Dearmas has signed, and continues to sign, contracts on behalf of each of the Entity Defendants, including contracts with various vendors.

204.    Upon information and belief, Dearmas has accepted deliveries on behalf of each of the Entity Defendants.

205.    Dearmas is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed the Named Plaintiff and similarly situated employees.

206.    Dearmas is one of the ten members with the largest ownership interest of 205 Thomson St.

207.    Prior to the filing of this Complaint, Defendant Dearmas was served with a notice pursuant to N.Y L.L.C. § 609.

208.    Pursuant to the notice above, Defendant Dearmas is personally liable for unpaid wages to the Plaintiff as well as the putative class and collective.

**DAN "DOE" ("Dan")**

209.    Upon information and belief, Defendant Dan had the power to hire employees at Satelip.

210.    Defendant Dan had the power to terminate employees at Satelip and terminated Mr. Quituizaca's employment.

211.    Defendant Dan controlled the terms of Mr. Quituizaca's employment in he would tell Mr. Quituizaca what tasks to complete and on what time frame they needed to be completed.

212.    Upon information and belief, Defendant Dan controlled the work schedule of all of the employees Satelip, including Mr. Quituizaca's work schedules.

213.    Upon information and belief, and at all times herein pertinent, Defendant Dan, exercised close control over the managerial operations of Satelip, including the policies and practices concerning employees.

214.    Upon information and belief, Defendant Dan was changed with maintaining the employment records for the employees of Satelip.

**PETOUS "DOE" ("Petous")**

215.    Upon information and belief, Defendant Petous had the power to hire employees at Satelip.

216.    Defendant Petous had the power to terminate employees at Satelip and terminated Mr. Quituizaca's employment.

217.    Defendant Petous controlled the terms of Mr. Quituizaca's employment in he would tell Mr.  Quituizaca what tasks to complete and on what time frame they needed to be completed.

218.    Upon information and belief, Defendant Petous controlled the work schedule of all of the employees Satelip, including Mr. Quituizaca's work schedules.

219.    Upon information and belief, and at all times herein pertinent, Defendant Petous, exercised close control over the managerial operations of Satelip, including the policies and practices concerning employees.

220.    Upon information and belief, Defendant Petous was changed with maintaining the employment records for the employees of Satelip.

## *JURISDICTION AND VENUE*

221.    Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and Plaintiffs rely upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus.

222.    This Court also has jurisdiction over the Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

223.    The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

224.    Venue is based upon 28 U.S.C. § 1391 (b)(2) insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## COLLECTIVE ACTION ALLEGATIONS

225.    Named Plaintiff seek to bring this suit to recover minimum wages, overtime compensation and liquidated damages from Defendants under the applicable provisions of the FLSA, 29 U.S.C. §216(b), on their own behalf as well as on behalf of those in the following collective:

**FLSA Collective:** Current and former employees of Defendants who, at any time within three years prior to filing date of this Collective and Class Action Complaint through the date of final disposition ("Collective Period"), worked for the Defendants as non-exempt Tipped Workers or Restaurant Employees and were subject to Defendants' policy and pattern or practice of failing to properly pay minimum wages for all hours worked up to the first 40 hours worked and overtime premium for all hours worked beyond 40 per week and who elect to opt into this litigation.

226.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate the Named Plaintiff and the putative FLSA Collective Members ("Collective Members").

227.    Consistent with Defendants' policy and pattern or practice, the Named Plaintiff and the Collective Members have not been the proper statutory minimum wage for all hours worked up to 40 in a given week.

228.    Consistent with Defendants' policy and pattern or practice, the Named Plaintiff and the Collective Members have not been paid any premium overtime compensation for hours worked beyond 40 in any single work week.

229.    All of the work that the Named Plaintiff and the Collective Members have performed have been assigned by Defendants, and/or Defendants have been aware of all of the work that they have performed.

230.    Defendants have exercised sufficient supervision, direction and control over the Named Plaintiff and Collective Members by, *inter alia*, (1) assigning them job duties and

responsibilities; and (2) controlling all of the terms and conditions of their employment, including their compensation, as well as policies and practices they were required to follow.

231.    As part of their regular business practices, Defendants have intentionally imposed unlawful policies and practices upon the Named Plaintiff and the Collective Members, which include, but are not limited to:

a)  willfully failing to pay them the minimum wage for all hours worked up to 40 in a single workweek; and

b)  willfully failing to pay them premium overtime wages for all hours worked in excess of 40 hours per workweek; and

c)  willfully failing to record all of the time that they have worked for the benefit of the Defendants.

232.    Defendants' unlawful conduct pled herein constitutes a corporate policy or practice of minimizing labor costs by failing to properly compensate the Named Plaintiff and the Collective Members for the regular and overtime hours they have worked.

233.    Defendants are aware or should have been aware that Federal law required them to pay the Named Plaintiff and the Collective Members certain minimum wages for work performed up to the first 40 hours worked as well as overtime premiums for all hours worked in excess of 40 per workweek.

234.    The Named Plaintiff and the Collective Members perform or performed the same or similar primary duties.

235.    Defendants' unlawful conduct has been systematic, widespread, repeated, and consistent.

236.    There are many similarly situated current and former employees who have been denied the statutory minimum wage and overtime compensation in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.  This notice should be sent to the Collective Members pursuant to 29 U.S.C. § 216(b).

237.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## CLASS ALLEGATIONS

238.    The Named Plaintiff brings this action as a Class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and the following defined Class:

**"Rule 23 Class":**    Tipped Workers and Restaurant Employees employed by the Defendants at any time within six years prior to the filing date of this Class action complaint through the date of final disposition ("Class Period") of this action and who were subject to Defendants' policy and pattern or practice of (i) failing to pay the Plaintiffs the proper minimum wage; (ii) denying Plaintiffs overtime premiums for all of the hours they worked in excess of 40 hours per week; (iii) failing to pay Plaintiffs spread of hours compensation when the spread of hours compensation; (iv) failing to provide proper wage notices and keep proper records as required by the NYLL; and/or (v) failing to provide annual wage notices as required by the NYLL; (vi) requiring the Plaintiffs to work off the clock; and (vii) misappropriating tips by requiring Plaintiffs share tips with non-tipped employees.

239.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individuals who have, or who at any time during the class period had, a controlling interest in Defendants, and all persons who shall submit timely and otherwise proper requests for exclusion.

240.    The Members of the Rule 23 Class are so numerous that joinder of all Members is impracticable. Upon information and belief, the size of the Rule 23 Class is over 100 individuals. Although the precise number of such employees is unknown, the data necessary to ascertain this with precision is within the exclusive possession and control of the Defendants.

241.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making final injunctive relief appropriate or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

242.    Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    a.  Whether Defendants unlawfully failed to pay appropriate minimum wages;

    b.  Whether Defendants unlawfully reduced the number of hours the Members worked in their own payroll system;

    c.  Whether Defendants unlawfully failed to pay appropriate overtime compensation to Members of the proposed class in violation of NYLL;

    d.  Whether Defendants failed to provide Plaintiffs and the Rule 23 Class with spread of hours pay when the length of their workday was greater than 10 hours;

   e.   Whether Defendants employed Plaintiff and the proposed class within the meaning of New York law;

   f.   whether Defendants distributed or retained a portion of the tips and/or service charges paid by customers to workers who are not entitled to receive tips under the NYLL;

   g.   Whether Defendants required Plaintiff and the proposed class to work off the clock;

   h.   Whether Defendants failed to keep true and accurate time and pay records for all hours worked by the Named Plaintiff and the proposed class;

   i.   Whether Defendants failed to furnish the Named Plaintiff and the proposed class with annual wage notices, as required by the NYLL;

   j.   Whether Defendants failed to furnish the Named Plaintiffs and the proposed class Members with proper wage statements with every payment of wages, as required by the NYLL;

   k.   Whether Defendants' policy of failing to pay the Named Plaintiffs and Class Members was instituted willfully or with reckless disregard of the law; and

   l.   The nature and extent of class-wide injury and the measure of damages for those injuries.

   243.   The claims of the Named Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Named Plaintiff and all of the Rule 23 Class Members work, or have worked, for Defendants as Tipped Workers or Restaurant Employees.  The Named Plaintiff and the Rule 23 Class Members enjoy the same statutory rights under the NYLL, including the right to be appropriately compensated for all hours worked, to be paid the statutory minimum wage, overtime compensation, and to receive legally required wage notices.  The Named Plaintiff and the Rule 23 Class Members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. The Named Plaintiff and the Rule 23 Class Members have all

been injured in that they have been uncompensated or undercompensated due to Defendants' common policies, practices, and patterns of conduct.

244.    The Named Plaintiff will fairly and adequately represent and protect the interests of the Members of the Rule 23 Class; understands that as Class representative, he assumes a fiduciary responsibility to the Class to represent its interests fairly and adequately; recognizes that as Class representative, he must represent and consider the interests of the Class just as he would represent and consider his own interests; understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over those of the Class;  recognizes that any resolution of a Class action must be in the best interests of the Class; and understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with Class counsel, and testify at depositions and/or trial.  The Named Plaintiff have retained counsel competent and experienced in complex Class actions and employment litigation. There is no conflict between the Named Plaintiff and the Rule 23 Class Members.

245.    A Class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to the expense and burden that this litigation will require. The individual Plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation

40

practices and to vigorously prosecute a lawsuit against Defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments with respect to Defendants' practices.

246.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

247.     Consistent with their policies and patterns or practices as described herein, Defendants harmed the Named Plaintiff, individually, as follows:

### *John Scott Quituizaca*

248.     Defendants did not pay Mr. Quituizaca the proper minimum wage compensation for all of the time that he was suffered or permitted to work each workweek.

249.     Defendants did not pay Mr. Quituizaca the proper overtime compensation for all of the time that he was suffered or permitted to work each workweek.

250.     Defendants have consistently suffered or permitted Mr. Quituizaca to work over 10 hours per day. Defendants have not paid Mr. Quituizaca one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of his workday, including working time plus time off for meals plus intervals off duty, was greater than greater than 10 hours.

251.    Throughout his employment with the Defendants, Mr. Quituizaca was scheduled to work Sundays from 10:30AM until 10:30PM, Tuesdays from 4:00PM until 11:00PM, Thursdays from 3:00PM until 12:00AM, Fridays from 4:00PM until 12:00AM and Saturdays from 4:00PM until 12:00AM.

252.    Although he was scheduled to work the times in the above paragraph, the Defendants required Mr. Quituizaca to come into work 15-30 minutes before the start of his scheduled shifts on Tuesdays, Thursdays, Fridays and Saturdays.  Although he arrived before his scheduled shift on these days, Mr. Quituizaca was not allowed to clock in until the start of his shift.

253.    Throughout his employment with the Defendants, Mr. Quituizaca was paid $7.50 per work hour.

254.    Throughout his employment with the Defendants, Mr. Quituizaca spent at least 20% of his time on-tipped tasks including, but not limited to, polishing silverware, cleaning mirrors, cleaning bathrooms, and removing trash.

255.    The rest of Mr. Quituizaca's duties included but are not limited to, bussing tables, and setting up silverware, tea and coffee.

256.    Defendants failed to notify Mr. Quituizaca in writing of the tip credit provisions of the NYLL, or of their intent to apply a tip credit to his wages.

257.    Defendants failed to notify Mr. Quituizaca either verbally or in writing of the tip credit provisions of the FLSA, or of their intent to apply a tip credit to his wages.

258.    Throughout his employment with Defendants, Mr. Quituizaca as well as those similarly situated participated in a tip pool whereby all of their tips were pooled and distributed.

259.    Defendants also required Mr. Quituizaca and other Tipped Employees to spend at least 2 hours or 20% of their day a few days per week doing non-tipped tasks, including, but not limited to, polishing silverware and cleaning mirrors.

260.    Defendants did not satisfy the requirements under the FLSA and NYLL by which they could apply a tip credit to Mr. Quituizaca's wages.

261.    Defendants imposed on Mr. Quituizaca a tip redistribution scheme to which he never agreed.

262.    Defendants failed to keep accurate records for wages earned or of the hours worked by Mr. Quituizaca.  Specifically, as stated above, although there was a P.O.S system in place, management required their employees to work off the clock.

263.    Defendants have failed to furnish Mr. Quituizaca with annual wage notices.

264.    Defendants have failed to furnish Mr. Quituizaca with accurate statements of wages, hours worked, rates paid, and gross wages.

### *AS AND FOR A FIRST CAUSE OF ACTION*
### *FEDERAL FAIR LABOR STANDARDS ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY MINIMUM WAGE)*

265.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.


266.    The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Named Plaintiff and the Members of the FLSA Collective.


267.    Defendants have failed to pay the Named Plaintiff and the Members of the FLSA Collective the proper statutory minimum wage to which they have been entitled under the FLSA.


268.    Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants have failed to inform Plaintiffs and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and have distributed a portion of their tips to workers who do not "customarily and regularly" receive tips.


269.    Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective and Class Action Complaint were unlawful.

Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

270.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

271.    As a result of Defendants' violations of the FLSA, Named Plaintiffs and the Members of the FLSA Collective have been deprived of the proper minimum wage compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## FEDERAL FAIR LABOR STANDARDS ACT
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## (FAILURE TO PAY OVERTIME)

272.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

273.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Named Plaintiff and the Members of the FLSA Collective.

274.     Defendants have failed to pay the Named Plaintiffs and the Members of the FLSA Collective overtime wages to which they have been entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of 40 per workweek.

275.     Defendants' unlawful conduct, as described in this Collective and Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Collective and Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Named Plaintiff and the Members of the FLSA Collective.

276.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

277.     As a result of Defendants' violations of the FLSA, Named Plaintiffs and the Members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A THIRD CAUSE OF ACTION**
**NEW YORK STATE LABOR LAW**
**AGAINST THE DEFENDANTS, AND EACH OF THEM**
**(FAILURE TO PAY MINIMUM WAGE)**

278.     The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

46

279.    At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

280.    Defendants are joint employers of the Named Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.

281.    The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

282.    Defendants have failed to pay the Named Plaintiff and the Rule 23 Class Members the proper minimum wages to which they were entitled under the New York Labor Law.

283.    By Defendants' failure to pay the Named Plaintiff and the Rule 23 Class Members' proper minimum wages for hours worked up to the first 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

284.    Due to Defendants' violations of the New York Labor Law, Plaintiff and the Rule 23 Class Members are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

<u>**AS AND FOR A FOURTH CAUSE OF ACTION**</u>
<u>**NEW YORK STATE LABOR LAW**</u>
<u>**AGAINST THE DEFENDANTS, AND EACH OF THEM**</u>
<u>**(FAILURE TO PAY OVERTIME)**</u>

285.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

286.    At all times herein pertinent, Named Plaintiff and Members of the Rule 23 Class were employees of Defendants within the meaning of the New York Labor Law.

287.    Defendants are joint employers of the Named Plaintiff and Members of the Rule 23 Class within the meaning of the New York Labor Law.

288.    The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

289.    Defendants have failed to pay the Named Plaintiff and the Rule 23 Class Members the overtime wages to which they were entitled under the New York Labor Law.

290.    By Defendants' failure to pay the Named Plaintiff and the Rule 23 Class Members' premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

291.    Due to Defendants' violations of the New York Labor Law, Plaintiffs and the Rule 23 Class Members are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY SPREAD OF HOURS*

292.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

293.    Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty - has been greater than 10 hours.

294.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, § § 650 et seq., and the supporting New York State Department of Labor Regulations.

295.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and prejudgment and post-judgment interest.

## AS AND FOR A SIXTH CAUSE OF ACTION
## NEW YORK STATE LABOR LAW
## AGAINST THE DEFENDANTS, AND EACH OF THEM
## *(FAILURE TO PROVIDE PROPER ANNUAL WAGE NOTICES)*

296.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

297.    Upon information and belief, Defendants have willfully failed to furnish the Named Plaintiff and the Rule 23 Class Members with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

298.    Through their knowing or intentional failure to provide Named Plaintiffs and the Rule 23 Class Members with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

299.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiffs with proper annual wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).


### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE PROPER WAGE STATEMENTS)


300.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.


301.    Defendants have willfully failed to furnish Named Plaintiff and the Rule 23 Class members with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.


302.    Through their knowing or intentional failure to provide Plaintiff and the Rule 23 Class members with the wage statements required by the NYLL, Defendants have willfully

violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

303.    Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Named Plaintiff and the Rule 23 Class Members are entitled to statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Plaintiffs with proper wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

### AS AND FOR AN EIGHTH CAUSE OF ACTION NEW YORK STATE LABOR LAW AGAINST THE DEFENDANTS, AND EACH OF THEM (TIP MISAPPROPRIATION)

304.    The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

305.    At all times relevant, Plaintiffs and the members of the Rule 23 Class have been employees within the meaning of NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

306.    At all times relevant, each Defendant has been an employer of Plaintiffs and the members of the Rule 23 Class within the meaning of the NYLL, Article 6, §§ 190 et seq., and the supporting New York State Department of Labor Regulations.

307.    The wage payment provisions of Article 6 of the NYLL, and the supporting New York State Department of Labor Regulations, apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

308.    Defendants have unlawfully required Plaintiff and the members of the Rule 23 Class to share part of the gratuities and/or service charges they received with employees other than servers, bussers, runners, bartenders, or similar employees, in violation of NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

309.    Through their knowing or intentional demand for, acceptance of, and/or retention of gratuities and/or service charges received by Plaintiff and the member so the Rule 23 Class, Defendants have willfully violated the NYLL, Article 6, § 196-d, and the supporting New York State Department of Labor regulations.

310.    Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants the value of all misappropriated gratuities and/or service charges, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### _AS AND FOR AN NINTH CAUSE OF ACTION_
### _NEW YORK STATE LABOR LAW_
### _AGAINST THE DEFENDANTS, AND EACH OF THEM_
### _(NONPAYMENT OF STRAIGHT TIME WAGES)_

311. The Named Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

312. Named Plaintiff and the Rule 23 Class Members routinely worked over 40 hours in a given workweek.

313. Defendants have willfully failed to pay all straight time wages due and owing to the Named Plaintiff and the Rule 23 Class Members.

314. Due to Defendants' willful violations of the NYLL, Named Plaintiff and the Members of the Rule 23 Class are entitled to recover from Defendants the unpaid straight time wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## JURY DEMAND

315. Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, the Named Plaintiff, on behalf of himself and all Members of the Proposed Collective and Class, pray for relief as follows:

A. That, at the earliest possible time, the Named Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Tipped Workers and Restaurant Employees who are presently working at, or who have worked at any time during the six years

immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice.    Such notice shall inform the Tipped Workers and Restaurant Employees that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid minimum wage compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

C.    Unpaid overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting US Department of Labor Regulations;

D.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

E.    Designation of the Named Plaintiff as representative of the Rule 23 Class;

F.    Designation of the Law Offices of William Cafaro as Class Counsel;

G.    Payment of a service award to the Named Plaintiff in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

H.    Issuance of a declaratory judgment that the practices complained of in this Collective and Class Action Complaint are unlawful under the NYLL, Article 6 §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

I.    Unpaid minimum wage compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

J.    Unpaid overtime compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

K.  Unpaid spread of hours compensation and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

L.  Misappropriated tips and/or service charges and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

M.  Statutory penalties of fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper annual wage notices, or a total of five thousand dollars for each Class Member, as provided for by NYLL, Article 6 § 198;

N.  Statutory penalties of two hundred fifty dollars for each work day that Defendants failed to provide Named Plaintiff and the Members of the Rule 23 Class with proper wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

O.  Unpaid straight time wages and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

P.  Prejudgment and post-judgment interest;

Q.  An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

R.  Reasonable attorneys' fees and costs of the action; and

S.  Such other and further relief, in law or equity, as this Court may deem appropriate

Dated: New York, New York
May 16, 2018

LAW OFFICES OF WILLIAM CAFARO

_____
Amit Kumar (AK0822)
108 West 39th Street, Suite 602

New York, NY 10018
Tel. (212)583-7400
*Attorneys for the Named Plaintiff and the Proposed*
*FLSA Collective and Rule 23 Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JOHN SCOTT QUITUIZACA, on Behalf of                  Case No:
Himself and All Others Similarly Situated,


                              Plaintiffs,


               -vs.-


SATELIP RESTAURANT CORP.,
205 THOMSON STREET LLC, FEDERICO'S
RESTAURANT INC., JULIAN MEDINA
GARCIA, LOUIS SKIBAR, BRIAN SOBHAN,
BEATRIZ MARIA R. DEARMAS, DAN "DOE",
and PETOUS "DOE",

                              Defendants.
--------------------------------------------------------------X


---

## COLLECTIVE AND CLASS ACTION COMPLAINT
## WITH JURY DEMAND

---


Amit Kumar (AK 0822)
Law Offices of William Cafaro
108 West 39th Street, Suite 602
New York, NY 10018
Tel. (212)583-7400

*Attorneys for the Named Plaintiff and the*
*Proposed FLSA Collective and Rule 23 Class*