

# LAW OFFICES OF
# WILLIAM CAFARO

William Cafaro, Esq.
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

Amit Kumar, Esq.
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

November 6, 2018

<u>*Via ECF*</u>
Hon. John G. Koeltl, U.S.D.J
United States District Court
Southern District of New York
500 Pearl St., Courtroom 14A
New York, NY 10007-1312

Re:    Quituizaca v. Satelip Restaurant Corp. et al
        Case No.: 18-cv-04385 (JGK)

Your Honor:

This is a joint request for approval[1] of the Settlement Agreement[2] in the above Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") action. *See, Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). The fully executed Settlement and Release Agreement ("Agreement") appended as Exhibit "1".

## I.    Background and Claims

The Plaintiff John Scott Quituizaca ("Mr. Quituizaca" or "Plaintiff") filed his complaint on May 16, 2018, seeking damages for defendants' alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  The defendants own and operate several restaurants in New York County, New York.  The Plaintiff worked for the Defendants as a busboy whose main duties included but were not limited to bussing tables, and setting up silverware, tea and coffee.  According to his best recollections, he was scheduled to work Sundays from 10:30AM until 10:30PM, Tuesdays from 4:00PM until 11:00PM, Thursdays from 3:00PM until 12:00AM, Fridays from 4:00PM until 12:00AM and Saturdays from 4:00PM until 12:00AM.  Although he was scheduled to work this schedule, according to his best recollection, he was required to come into work 15-30 minutes early.  Moreover, according to his best recollections, he was paid $7.50 per work hours that he was scheduled.  Moreover, according to his best recollections he did not receive an annual wage notice when he first began working for the Defendants, and his wage

---

[1] Defendants only join this request for sections I, II, and II of this request for approval and take no position on Part IV of this letter which deals directly with Plaintiff's counsel's request for attorneys' fees and costs.

[2] This letter is tendered pursuant to Rule 408 of the Federal Rules of Evidence and § 4547 of the C.P.L.R., with the express understanding that no part hereof or any document submitted herewith may be utilized for any purpose if the Agreement is not approved and litigation must go forward, nor may any of the content or any related documents be used for any purpose except to enforce the Agreement.

statements were inaccurate. Given these claims, Mr. Quituizaca filed a complaint for unpaid minimum wages, overtime, spread of hours and statutory record keeping violations under the FLSA and NYLL.

Since the filing of this and the related action, the parties have engaged in arm's length settlement discussions. To that end, Defendants provided the Plaintiff's counsel with time and pay records for the Plaintiff. Moreover, the Parties participated in a successful mediation on September 28, 2018 before Mediator Stephen Sonnenberg, the result of which is the attached settlement agreement.

## II.     The Settlement Reached Between the Parties

A spreadsheet showing a computation if the likely value of the Plaintiffs' claims is appended hereto as Exhibit "2". Based on this computation, inclusive of $5,000 record-keeping violation full liquidated damages, and 1.5 hours unpaid time per week worked, the Plaintiff's claims are worth $24,963.00 exclusive of attorneys' fees and costs. Therefore, with this settlement the Plaintiff is recovering of 80% of the value his claim and all his unpaid wages.

Plaintiff believes that the $20,000.00 settlement amount is a fair compromise to resolve this case without further litigation, and without subjecting both parties to the time and expense of more extensive discovery and ongoing litigation. While Plaintiff was confident that he would be able to challenge the Defendants' records and inferences successfully, Mr. Quituizaca is uncomfortable testifying in a formal setting. If his testimony had been rejected by the trier of fact, his recovery could have been significantly minimized. Each settling party is represented by counsel experienced in wage and hour practice.

The settlement agreement reflects a reasonable compromise of the disputed issues and any actual or potential claims in the totality of the circumstances. In addition, the parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation, and Plaintiff prefers to receive their proceeds without the inevitable delay and significant risks that continued litigation would entail.

## III.     The Court Should Find the Proposed Settlement Fair and Reasonable

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a

'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky*, *supra* at 335.

*Plaintiff's Range of Possible Recovery*

As stated above, the proposed settlement represents 80% of the Plaintiff's claims, inclusive of full liquidated damages and the $5,000 recordkeeping violation and is certainly toward the higher end of the range of reasonableness of recovery, particularly after considering the obstacles Plaintiff faced.  It will also enable Plaintiff to avoid anticipated burdens and risks in going forward.

If settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the potential outcome.  *Morris v. Affinity Health Plan*, 859 F.Supp.2d 611, 620 (S.D.N.Y. 2012).  In weighing the risks of establishing liability and damages, the Court "must only weigh the likelihood of success by the Plaintiff…against the relief offered by the Settlement." *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at *8 (S.D.N.Y. Apr. 16, 2012).  In light of the totality of the circumstances, the settlement represents a reasonable compromise of the *bona fide* disputes in this matter.  The settlement eliminates risks and ensures that the plaintiff will recover most of his damages over a very short period of time.

*Whether the Settlement Agreement is the Product of Arm's-Length Bargaining*

A "presumption of fairness, adequacy and reasonableness may attach to a…settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted).  The Parties engaged in discovery and participated in arm's length settlement discussions before a neutral mediator in order to arrive at this settlement. Because the settlement involves a clear and *bona fide* wage dispute in contested litigation, which was resolved through an arm's-length settlement process, it should be granted judicial approval.  Moreover, the agreement itself is limited to Plaintiff's wage and hour claims, does not contain a confidentiality provision, nor does it contain a non-disparagement clause.  *See, Barbecho v. M.A. Angeliades, Inc.*, 2017 U.S. Dist. LEXIS 48595, at *6 (S.D.N.Y. Mar. 30, 2017) (rejecting FLSA settlement containing a "general release that r[an] only in favor of defendants"); *Thallapaka v. Sheridan Hotel Assocs. LLC*, No. 15cv1321, 2015 U.S. Dist. LEXIS 117179, at *2-3 (S.D.N.Y. Aug. 17, 2015) ("[T]he overwhelming majority of courts reject the proposition that FLSA settlements can be confidential."); *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-cv-8187 (AJN), 2015 U.S. Dist.

LEXIS 162243, at *8-9 (S.D.N.Y. Dec. 3, 2015) (rejecting a provision prohibiting plaintiffs from "mak[ing] disparaging or detrimental comments, statements or the like about Defendants").

### Possibility of Fraud or Collusion

There is no possibility that this settlement was precipitated by reason of "overreaching" by the employer. To the contrary, the settlement was the result of vigorous arm's-length negotiations before an experienced neutral. The Parties are represented by counsel experienced in wage and hour law who duly counseled their respective clients on the benefits and risks of continued litigation. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 05 CIV 10240, 2007 WL 2230177, at *4 (S.D.N.Y July 27, 2007). Here, the settlement was reached after the Parties were able to fully evaluate the strengths and weaknesses of the claims and defenses presented in the case. At all times, negotiations took place between experienced counsel and were at arm's-length, through an experienced neutral. Similarly, the Plaintiff stopped working for the Defendants long before this litigation commenced, so there was no opportunity for direct collusion between the adverse parties. Thus, there was no fraud or collusion between counsel and as such, the Settlement Agreement should be approved.

### IV.     Plaintiff's Counsel is Entitled to a Reasonable Fee of One-Third of the Settlement Amount

Although the undersigned fully recognizes the Court's prerogative to evaluate the attorneys' fee arrangement in a FLSA matter, not all courts in this circuit have read the *Cheeks* decision to require this assessment. *See Gutierrez v. 352 East 86th St. Rest. Inc.*, 2016 U.S. Dist. LEXIS 23967, *3 -4 n. 1 (S.D.N.Y Feb. 19, 2016) ("I do not understand the FLSA to regulate the relationship between the employee as plaintiff and his counsel or to alter the freedom of contract between a client and his attorney"). The foregoing notwithstanding, the undersigned submits as follows in support of the requested fee:

Plaintiff's counsel is entitled to reasonable attorneys' fees to compensate for work in recovering withheld compensation in this action.

I have personally expended 24.7 hours in the prosecution of this case, (Exhibit "3", Attorney Kumar's time records). My paralegal, Nicholas Duran, Jr. has expended 5.8 hours, (Exhibit "4", Duran Time Records).

"To determine the quality of representation, courts review, among other things, the recovery obtained and the backgrounds of the lawyers involved in the lawsuit." *Taft v. Ackermans*, No. 02 Civ. 7951, 2007 U.S. Dist. LEXIS 9144, at *31 (S.D.N.Y Jan. 31, 2007) (*citing In re Global Crossing and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004)).

I have been an associate with the Law Offices of William Cafaro since 2013. I earned my B.B.A. with dual concentrations in Finance and Computer Information Systems, *cum laude*, from George Washington University in 2005 and a J.D from Hofstra University School of Law in 2012.

While in law school, I worked as a law clerk for several employment law firms of note, including Schwartz & Perry, LLP and Outten & Golden LLP.  Also, while in law school, I was a judicial intern for United States Magistrate Judge Ronald L. Ellis of the Southern District of New York.  I was admitted to practice in the state courts of New York and New Jersey in 2013 and later that same year I was admitted to practice before the Southern and Eastern Districts of New York.  Since being admitted in 2013, I have focused primarily on plaintiffs' employment matters in both wage and hour matters as well as discrimination actions.  Further, while working at the Law Offices of William Cafaro, I have had the opportunity to second chair several successful wage and hour actions through trial.  *See, e.g. Ayala v. Your Favorite Auto Repair & Diagnostic Ctr., Inc.*, 14-cv-5269 (ARR) (JO), 2016 U.S. Dist. LEXIS 127425 (E.D.N.Y Sept. 19, 2016).

I also prevailed in a wage and hour case which I tried in the Southern District of New York, *Cajamarca v. Yerina Restaurant Corp., et al.*, No. 15-cv-08244 (GHW), and was approved at $250 per hour in the post-trial fee application.  I have also been selected to the New York Super Lawyer's Rising Star List for the years 2017 and 2018.   Moreover, I am a member of the South Asian Bar Association of New York, where I sit on the Public Interest Committee as well as the New Yorj Chapter of the National Employment Lawyers Association.  The Plaintiff is requesting an hourly rate of $250.00 for my work in this case.  *See Cajamarca v. Yerina Rest. Corp.*, No. 15-cv-8244, 2016 U.S. Dist. LEXIS 102686 (S.D.N.Y Aug. 4, 2016) (awarding Amit Kumar his normal hourly rate of $250 per hour); *Mendes-Garcia v. 77 Deerhurst Corp. et al.*, No. 11-cv-02797 (PGG) (MHD), D.E. 226 (S.D.N.Y. Aug. 19, 2014) (awarding Amit Kumar, Esq. a reasonable rate of $250 per hour in a FLSA matter).

Nicholas Duran is a paralegal with the Law Offices of William Cafaro.  He graduated from John Jay College of Criminal Justice, where he received a B.S. in Criminal Justice with a minor in Law in 2009.  Concurrent with his attendance at John Jay College of Criminal Justice, Mr. Duran graduated from LaGuardia Community College in 2007, where is received an A.A.S degree in Paralegal Studies.  Mr. Duran began working for the Law Offices of William Cafaro in 2007 and is fluent in both English and Spanish.  Mr. Duran provided paralegal, support and translation services throughout the duration of the litigation.  The Plaintiff is requesting that Mr. Duran be approved at an hourly rate of $125.00.  *See Cajamarca v. Yerina Rest. Corp.*, No. 15-cv-8244, 2016 U.S. Dist. LEXIS 102686 (S.D.N.Y Aug. 4, 2016) (awarding Mr. Duran his normal hourly rate of $125 per hour).

At the requested rates, the total lodestar is $6,900.00.  Under the retainer agreement, Plaintiff's counsel is entitled to receive Six Thousand Six Hundred Sixty Dollars and Sixty Seven Cents ($6,666.67) from the proposed settlement as attorneys' fees, and an additional $3,050.00 in reasonable out of pocket disbursements incurred by attorneys and ordinarily charged to the file. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998). These costs are for filing this action ($400.00) and a portion of the mediation costs ($2,650.00).  As the lodestar is more than the requested fee, the Plaintiff requests that the Court approve the requested fee and the requested costs as fair and reasonable.

## V.      Conclusion

For the reasons set forth above the Parties jointly request that the Court approve the settlement as reflected in the Agreement.  Plaintiff's counsel further requests that the Court approve the attorney's fee award reflected in the Agreement as fair and reasonable.

Respectfully submitted,
LAW OFFICES OF WILLIAM CAFARO

By Amit Kumar, Esq. (AK 0822)
*Attorneys for Plaintiff*
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
Akumar@CafaroEsq.com

cc:
Defense Counsel (via ECF)